UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GORDON SUTTON,                          )
                                        )
        Plaintiff(s),                   )
                                        )
    vs.                                 )    Case No. 4:04CV01623-ERW
                                        )
MICHAEL J. ASTURE,                      )
Commissioner of Social Security,        )
        Defendant(s).                   )

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Application for Award of Attorney's Fees [doc. #10].

## I. BACKGROUND

Plaintiff Gordon Sutton ("Plaintiff") initially filed suit in this Court on November 23, 2004, seeking review of the Administrative Law Judge's determination that Plaintiff was not entitled to Social Security Disability Benefits [doc. #1]. The case was assigned to Magistrate Judge Lewis M. Blanton, who, upon motion of the Commissioner of Social Security, recommended that the case be remanded to the Social Security Administration. This Court entered an order on June 6, 2005, adopting the report and recommendations of the Magistrate, remanding to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g).[1] Following remand, and

---

[1]Sentence Six states:

The Court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing

1

adjudication by the Commissioner, Plaintiff's filed the pending motion for attorney's fees [doc. #10]. The Court will now address that Motion.

## II. LEGAL STANDARD

Under the Equal Access to Justice Act ("EAJA"), a Social Security Disability claimant, who successfully appeals to the United States District Court, is entitled to attorney's fees and costs associated with that action. 28 U.S.C. § 2412.[2] "The very purpose of the EAJA is to ensure that persons aggrieved by unreasonable governmental actions are not prevented from vindicating their claims by the potentially high costs involved in doing so." *Kelly v. Brown*, 862 F.2d 1333, 1334-1335 (8th Cir. 1988) (internal citation and alterations omitted). A claimant is not entitled to attorney's fees for the work performed in the initial administrative proceedings as

---

> that there is new evidence which is material and that there is good caused for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and *shall* file with the court any such additional and modified findings of fact and decision, and in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g).

[2]28 U.S.C. § 2412 states:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

the Commissioner "has the exclusive authority to award attorney's fees for representation in administrative proceedings." *Kelly*, 862 F.2d at 1335. However, the claimant is entitled to attorney's fees for work performed at the administrative level after remand from the district court.

The EAJA further states that a request from a party seeking attorney's fees and other expenses shall be submitted "within thirty days of final judgment in the action. . .." 28 U.S.C. § 2412(d)(1)(B). A final judgment is not entered in a case remanded pursuant to sentence six, until the post remand proceedings have been completed, the Commissioner has returned to Court, the Court has entered a judgment, and the appeal period has run. *See Melkonyan v. Sullivan*, 501 U.S. 89, 94 (1991) ("The plain language makes clear that a 'final judgment' under § 2412 can only be the judgment of a court of law." (Citing 28 U.S.C. § 2412) (alterations in original)).

## III. DISCUSSION

Plaintiff's have filed the pending motion, seeking reimbursement of attorney's fees and costs associated with the action before this Court, and the proceeding before the Social Security Administration on remand. Specifically, Plaintiff seeks attorney's fees and costs totaling $2,890.63[3], pursuant to EAJA, 28 U.S.C. § 2412(d), as well as an award for 25% of Plaintiff's back benefits. *Pl. Application for Award of Atty's Fees*, ¶¶1-2. Defendants' concur that Plaintiff's are entitled to an award of Attorney's fees and costs, however, there is some disagreement over the amounts. Defendants' assert in their response that they do not object to an award of attorney's fees of $2,312.50, expenses of $198.85, and the filing fee of $150.00 from the Judgment Fund. However, Defendants disagree that Plaintiff is entitled to any fee award pursuant

---

[3]The Plaintiff does not specify how this figure was reached. The Court, having reviewed the documents submitted reaches a slightly different total for fees and costs.

to the fee agreement entered into by Plaintiff and Plaintiff's counsel, as Plaintiff has failed to provide sufficient documentation in support of such an award.

First, this Court must determine whether Plaintiff's request was timely filed. As stated above, attorney's fees and costs may be awarded under the EAJA, if filed within thirty days of final judgment. Although the decision of the Administrative Law Judge (ALJ) was handed down June 20, 2006, there is no final judgment until entered by the district court. *Melkonyan*, 501 U.S. at 94. 42 U.S.C. § 405(g) requires the commissioner to file with the district court any additional findings following sentence six remand. Defendant did not file any additional findings with this Court; however, in response to Plaintiff's motion for Attorney's fees, Defendants request that judgment be entered in favor of Plaintiff. *Def. Mot. for Judgment and Response to Pl. Application for Atty's Fees*, p. 2 ("Accordingly, the Commissioner, in light of the ALJ's fully and favorable decision, respectfully requests that the Court enter judgment, in accordance with the decision of the ALJ. . .."). This Court will enter judgment in favor of Plaintiff in accordance with the ALJ's decision. Therefore, Plaintiff's motion is timely under 28 U.S.C. § 2412(d)(1)(A), as this Court will enter a final judgment contemporaneously with this order for attorney's fees and costs.

In support of their request for attorney's fees, Plaintiff argues that Defendant's position was contrary to the prevailing legal standards, enunciated by the United States Court of Appeals of the Eighth Circuit, and therefore was not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(A). Plaintiff submits that this is further supported by Defendant's own motion to remand, that was filed with the magistrate judge in the initial action before this Court, as this shows the Defendant knew that there was reversible error. *See e.g. Penrod v. Aphfel*, 54 F.Supp.2d 961, 964 (D. Ariz. 1999) ("It is difficult to imagine any circumstance in which the

4

government's decision to defend its actions in court would be substantially justified, but the underlying administrative decision would not.").

This Court agrees with Plaintiff, that in the case at bar, Defendant's position in denying Plaintiff's application for benefits was not substantially justified. Had Defendant believed that the Commissioner's decision was substantially justified they presumably would have defended that position before this Court, rather than seeking a remand to the Commission for further determinations. Therefore, Plaintiff is entitled to an award of attorney's fees and costs pursuant to 28 U.S.C. § 2412(d)(1)(A).

Plaintiff is entitled to reimbursement of all attorney's fees incurred after filing the petition for review before this Court. Plaintiff seeks reimbursement of $2,312.50 in attorney's fees. This is a total of 14.8 hours at a rate of $156.25 per hour.[4] Plaintiff is further entitled to $198.85 for costs, and $150.00 to be paid from the Judgment Fund for the filing fee. Plaintiff has not provided sufficient basis for this Court to rule on its request for $4,400.00 in attorney's fees pursuant to the fee agreement. Therefore the Court requests further briefing on this matter before a ruling can be made.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application for Award of Attorney's Fees is **GRANTED in part** and **DENIED in part.** Defendant shall pay $2,312.50 in attorney's fees and $198.85 in costs to Plaintiff.

---

[4]This rate is the statutory rate of $125.00 per hour, adjusted for cost of living based on the consumer price index. 28 U.S.C. § 2412(d)(2)(A) ("attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee.").

**IT IS FURTHER ORDERED** that Plaintiff is entitled to $150.00 for the filing fee to be paid from the Judgment Fund.

**IT IS FURTHER ORDERED** that Plaintiff shall submit further briefing on their request for fees pursuant to the fee agreement within ten (10) days of this order. Defendant may, but is not required, to file a response brief within five (5) days after receipt of Plaintiff's supplemental brief.

Dated this <u>13th</u> Day of <u>June</u>, 2007.

 

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE